UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

LLOYD MACK ROYAL, III,

Defendant.

Crim. Action No. TDC-09-0048

**MEMORANDUM ORDER**

Pending before the Court is Defendant Lloyd Mack Royal's self-represented Motion for Reconsideration of the denial of Royal's previous Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On July 19, 2010, the Court (Williams, J.) sentenced Royal to a total term of imprisonment of 37 years following his conviction after trial on the following charges arising from a violent sex trafficking and drug trafficking scheme that preyed upon victims under the age of 18: conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 371 (Count 1); three counts of sex trafficking, in violation of 18 U.S.C. § 1591 (Counts 2, 3, and 4); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 6); distribution of cocaine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 7); and distribution of phencyclidine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 8). On November 30, 2017, following a successful motion to vacate the conviction on Count 5, this Court resentenced Royal to a total of 360 months of imprisonment on the remaining counts. Royal is presently designated to the Federal Correctional Institution-Fort Dix ("FCI-Fort Dix") in New Jersey. Royal has served approximately 13 years and 10 months of this sentence and is presently scheduled to be released, with good time credits, on August 5, 2034.

The present Motion is Royal's second attempt to secure a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). On April 26, 2021, this Court denied Royal's first Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the First Motion"). The Court's Memorandum Order on the First Motion, which provides relevant background and the Court's reasoning in denying the First Motion, is incorporated by reference. ECF No. 205.

In his Motion for Reconsideration ("the Second Motion"), Royal again seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of his current medical conditions, as well as based on his post-offense rehabilitation.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility,

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Although Royal exhausted administrative remedies before he filed the First Motion, he has not provided evidence that he did so before filing the Second Motion. The Second Motion can therefore be denied for failure to meet this requirement. However, Royal argues that he is seeking reconsideration of the Court's ruling on the First Motion because there is an "intervening change in controlling law" and a "clear error" resulting in a "manifest injustice." Second Mot. at 2, ECF No. 210. The Court will consider the Second Motion as a Motion for Reconsideration. Ordinarily, a motion for reconsideration will be granted only: (1) "to accommodate an intervening change in controlling law"; (2) to account for "new evidence"; or (3) "to correct a clear error of law or prevent manifest injustice." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)) (addressing a motion for reconsideration under Federal Rule of Civil Procedure 59(e)); *United States v. Srivastava*, 476 F. Supp. 2d 509, 511 (D. Md. 2007) (applying the civil standard for a motion for reconsideration to a criminal case), *vacated and remanded on other grounds*, 544 F.3d 277 (4th Cir. 2008).

## I.   Intervening Change in Law

Royal has not identified a material change in the law relating to motions for compassionate release since the Court denied the First Motion on April 26, 2021. Although he discusses recent

3

case law concluding that courts are not limited to granting compassionate release only in circumstances addressed in the policy statement in United States Sentencing Guideline ("U.S.S.G.") § 1B1.13, the United States Court of Appeal for the Fourth Circuit so held in *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020), issued on December 2, 2020, which pre-dates the Court's ruling on the First Motion. Notably, the Court's ruling on the First Motion was not predicated on the view that there are any specific limits on what conditions could constitute "extraordinary and compelling reasons" justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and the Court's ruling was not based on a finding that there was any requirement contained in the policy statement that was not satisfied. The Court therefore finds no intervening change in law warranting reconsideration.

**II.     New Evidence and Manifest Injustice**

Royal also argues that the Court erred in denying the First Motion to the point that the denial has caused a "manifest injustice." Second Mot. at 2. Whether viewed under such a standard, or considered under the statutory standard for a compassionate release motion based on a review of the full record, including the facts present at the time of the First Motion and additional factual developments since that time, the Court will not alter its prior ruling and will not grant the Motion.

**A.     Extraordinary and Compelling Reasons**

Royal, who is 41 years old, argues that the COVID-19 pandemic, its impact at FCI-Fort Dix, and his present medical conditions, specifically, asthma, hypertension, pre-diabetes/diabetes, "immunocompromised" status, hyperlipidemia, and Hailey-Hailey Disease, present "extraordinary and compelling reasons" warranting a sentence reduction to time served. Second Mot. at 27-53; 18 U.S.C. § 3582(c)(1)(A)(i). He also argues that his race presents a high-risk condition for severe illness from COVID-19, notes that he has previously contracted COVID-19, and criticizes the

4

conditions of confinement and the medical care at FCI-Fort Dix. Generally, in the context of the COVID-19 pandemic, the Court has found that extraordinary and compelling reasons may exist when an inmate has a condition that places the inmate at high risk for death or serious illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19.

The present circumstances, however, do not warrant such a finding. In denying the First Motion, the Court found that although Royal had some conditions that arguably placed him at higher risk from COVID-19, his conditions did not place him among those inmates with conditions that would constitute "extraordinary and compelling reasons." Mem. Order at 4, ECF No. 205. Although Royal has discussed additional medical conditions in the Second Motion, even if those conditions demonstrate that he is at a higher risk than before, the Court still will not find extraordinary and compelling reasons based on the present state of the COVID-19 pandemic. Since the ruling on the First Motion in April 2021, vaccinations have been fully implemented across the United States and in BOP facilities. At present 3,141 inmates at FCI-Fort Dix have been vaccinated, out of a capacity of 3,021, demonstrating that even with movement in and out of the facility, vaccinations are widely available. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 22, 2022). At present, there are no active cases of COVID-19 among inmates at FCI-Fort Dix. *Id.* Under these circumstances, the Court finds that the combination of Royal's medical conditions and the conditions at FCI-Fort Dix do not constitute extraordinary and compelling reasons warranting a sentence reduction.

Royal also describes his post-offense rehabilitation and provides letters of support from personnel at the prison and family and friends. Although admirable, the Court does not find that they rise to the level of extraordinary and compelling reasons warranting a sentence reduction.

**B.      18 U.S.C. § 3553(a)**

Even if such a finding were made, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a) and consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As previously discussed, the policy statement in U.S.S.G. § 1B1.13 does not limit the Court's ability to grant a sentence reduction. *McCoy*, 981 F.3d at 281. However, the Court must still consider the § 3553(a) factors.

As the Court found in the denying the First Motion, the nature and circumstances of the offenses of conviction involved a very serious sex trafficking conspiracy in which Royal provided three underage girls with controlled substances, caused them to engage in sex acts with adult male customers for the financial benefit of Royal, and raped and threatened to kill at least one of the victims, and based on a full consideration of the § 3553(a) factors, including Royal's admirable post-offense rehabilitation, a sentence reduction would be inconsistent with those factors. Mem. Order at 5. Although another year has passed and Royal's post-offense rehabilitation has continued on the same track, the Court does not find that any more recent information warrants reconsideration of the Court's prior ruling. It maintains that the revised sentence was necessary to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). The Court therefore again concludes that even if Royal had established "extraordinary and compelling reasons" based on the COVID-19 pandemic, his personal medical conditions, and the other factors described, a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is not warranted. The Motion for Reconsideration will be denied.

6

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Royal's Motion for Reconsideration of the Court's denial of his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 210, is DENIED.

Date:   August 23, 2022

THEODORE D. CHUANG
United States District Judge