## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

LLOYD MACK ROYAL, III,

Crim. Action No. TDC-09-0048

Defendant.

### MEMORANDUM ORDER

For the third time in three years, Defendant Lloyd Mack Royal has filed a Motion a for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 212. On July 19, 2010, the Court (Williams, J.) sentenced Royal to a total term of imprisonment of 37 years following his conviction after trial on the following charges arising from a violent sex trafficking and drug trafficking scheme that preyed upon victims under the age of 18: conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 371 (Count 1); three counts of sex trafficking, in violation of 18 U.S.C. § 1591 (Counts 2, 3, and 4); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 6); distribution of cocaine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 7); and distribution of phencyclidine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 8). On November 30, 2017, following a successful motion to vacate the conviction on Count 5, this Court resentenced Royal to a total of 360 months of imprisonment on the remaining counts. Royal is presently designated to the Federal Correctional Institution-Fort Dix ("FCI-Fort Dix") in New Jersey. Royal has served approximately 15 years and 4 months of this sentence and is presently scheduled to be released, with good time credits, on August 5, 2034.

On April 26, 2021, this Court denied Royal's first Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the First Motion"). On August 22, 2022, the Court denied Royal's Motion for Reconsideration of the Court's denial of the First Motion ("the Second Motion"). The Court's Memorandum Order on the First Motion, which provides relevant background and the Court's reasoning in denying the First Motion, is incorporated by reference. ECF No. 205. Likewise, the Court's Memorandum Order on the Second Motion is also incorporated by reference. ECF No. 211.

In the present Motion ("the Third Motion"), Royal again seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision based on six arguments as discussed below.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

The court may not modify a term of imprisonment once it has been imposed except that:

(1)     in any case that—

    (A)     the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility,

2

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>     (i)    extraordinary and compelling reasons warrant such a reduction;

> \* \* \*

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). On June 23, 2023, Royal submitted to the BOP a request for compassionate release or a reduction of his sentence. ECF No. 212-1. Because more than 30 days have passed since that filing, Royal has exhausted administrative remedies, and the Court may consider the Third Motion.

## I.    Extraordinary and Compelling Reasons

Royal offers six arguments on why he should receive compassionate release or a sentence reduction. These include: (1) the conditions of confinement at FCI-Fort Dix; (2) his medical conditions; (3) the need to care for his elderly mother; (4) the "excessive" length of confinement, which he deems to be "unnecessary" and "detrimental"; (5) his post-conviction rehabilitation; and (6) that the sentencing factors under 18 U.S.C. § 3553(a) warrant the requested relief. Where the § 3553(a) factors are analyzed separately under the compassionate release statute, the Court will consider whether the first five arguments establish the necessary "extraordinary and compelling reasons" for relief. 18 U.S.C. § 3582(c)(1)(A).

Royal correctly asserts that in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit held that courts may find that "extraordinary and compelling reasons" exist even if the identified reasons do not fall within the limited categories set forth in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, because the policy

3

statement in effect at the time of that ruling had been adopted at a time when only the BOP, not the courts, could grant compassionate release. *McCoy*, 981 F.3d at 282. With the adoption of a new policy statement in U.S.S.G. § 1B1.13 that took effect on November 1, 2023, before the filing of the Third Motion, there is a fair argument that Royal's identified "extraordinary and compelling reasons" must fall within one of the new enumerated categories. The Court need not decide whether such a restriction now exists because even under the flexible standard of *McCoy*, the Court finds that none of the identified reasons constitute "extraordinary and compelling reasons" warranting a sentence reduction.

First, Royal argues that the conditions of confinement at FCI-Fort Dix, including as a result of restrictions put in place due to the COVID-19 pandemic, establish extraordinary and compelling reasons. To the extent that the argument is based on the assertion that COVID-19 remains present there, Royal has not established that the conditions are any worse than they were when the Court denied the First and Second Motions after considering the impact of COVID-19. *See* First Mot. Mem. Order at 3-4, ECF No. 205; Second Mot. Mem. Order at 5, ECF No. 211. Although Royal references increased violence, reduced visitation, reduced rehabilitation programs, and reduced recreational programs, primarily because of COVID-19 restrictions, he has provided no basis to conclude that the conditions relating to these issues, including the limitations imposed in relation to the COVID-19 pandemic, were so restrictive as to constitute extraordinary and compelling reasons.

Second, as to medical conditions, Royal asserts that he should receive compassionate release because he has Hailey-Hailey disease, gastro-esophageal reflux disease ("GERD"), chronic obstructive pulmonary disease ("COPD"), mental health conditions, carpal-tunnel syndrome, degenerative myopia, and a localized mass growing on his side. Though Royal has provided little

4

to no independent documentation of these conditions, even assuming that he has all of these conditions, he has not provided facts showing that whether considered individually or collectively, his specific medical conditions establish extraordinary and compelling reasons. In particular, even if the new policy statement is not deemed to establish specific requirements, he has not shown how any of these conditions is a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care" within the prison environment "and from which he or she is not expected to recover," U.S.S.G. § 1B1.13(b)(1)(B), or that he is suffering from a "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration of health or death," *id.* § 1B1.13(b)(1)(C).

Third, as to family circumstances, Royal references his elderly mother's health conditions and his teenaged daughter's mental health issues. Although the Court understands the negative impact that Royal's incarceration has on both family members, it cannot conclude that the circumstances described establish extraordinary and compelling reasons, whether pursuant to U.S.S.G. § 1B1.13(b)(3) or otherwise.

Fourth, although Royal cites his significant post-offense rehabilitation efforts, which are admirable, pursuant to 28 U.S.C. § 994(t), such rehabilitation "is not, by itself, an extraordinary and compelling reason" under U.S.S.G. § 1B1.13(d), even though it may be considered alongside other factors. Even if not limited by these provisions, the Court does not find that his positive rehabilitation is so remarkable as to constitute extraordinary and compelling reasons.

Fifth, Royal's claim that he has been subjected to "excessive confinement," including his assertions about its impact on mental health, the challenges it creates for reintegration because of social stigma, and the family and community disruption it can cause, does not describe

5

circumstances that constitute extraordinary and compelling reasons. *See* Third Mot. at 26-28, ECF No. 212.

Thus, whether considered individually or collectively, Royal's identified considerations do not establish extraordinary and compelling reasons within the meaning of 18 U.S.C. § 3582(c)(1)(A).

**II.    18 U.S.C. § 3553(a)**

Even if such a finding were made, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). In denying the First and Second Motions, the Court found that the nature and circumstances of the offenses of conviction involved a very serious sex trafficking conspiracy in which Royal provided three underage girls with controlled substances, caused them to engage in sex acts with adult male customers for the financial benefit of Royal, and raped and threatened to kill at least one of the victims, and that based on a full consideration of the § 3553(a) factors, including Royal's admirable post-offense rehabilitation, a sentence reduction would be inconsistent with those factors. First Mot. Mem. Order at 5; Second Mot. Mem. Order at 6. Although Royal's post-offense rehabilitation has continued to be a positive factor, it is not so extraordinary as to cause the Court to deviate from its view that the revised sentence was necessary to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Where Royal has still served only approximately half of that sentence, the Court again concludes that even if Royal had established "extraordinary and compelling reasons," a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is not warranted as inconsistent with the § 3553(a) factors. The Third Motion will be denied.

6

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Royal's Third Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 212, is DENIED.

Date:   March 13, 2024



THEODORE D. CHUANG
United States District Judge

7