UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LLOYD MACK ROYAL, III,<br><br>Defendant. | Crim. Action No. TDC-09-0048 |

## MEMORANDUM ORDER

For the fourth time, Defendant Lloyd Mack Royal has filed a Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 218. On July 19, 2010, the Court (Williams, J.) sentenced Royal to a total term of imprisonment of 37 years following his conviction after trial on the following charges arising from a violent sex trafficking and drug trafficking scheme that preyed upon victims under the age of 18: conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 371 (Count 1); three counts of sex trafficking, in violation of 18 U.S.C. § 1591 (Counts 2, 3, and 4); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 6); distribution of cocaine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 7); and distribution of phencyclidine to a person under age 21, in violation of 21 U.S.C. § 859 (Count 8). On November 30, 2017, following a successful motion to vacate the conviction on Count 5, this Court resentenced Royal to a total of 360 months of imprisonment on the remaining counts. Royal is presently designated to the Federal Correctional Institution-Fort Dix ("FCI-Fort Dix") in New Jersey. Royal has served approximately 16 years of this sentence and is presently scheduled to be released, with good time credits, on August 5, 2034.

On April 26, 2021, this Court denied Royal's first Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the First Motion"). On August 24, 2022, the Court denied Royal's Motion for Reconsideration of the Court's denial of the First Motion ("the Second Motion"). On March 13, 2024, the Court denied Royal's third Motion for a Reduction in Sentence ("the Third Motion"). The Court's rulings on these motions are incorporated by reference. ECF Nos. 205, 211, 216.

Upon receiving the present Motion ("the Fourth Motion"), the Court requested that the Office of the Federal Defender for the District of Maryland ("OFD") review the Motion and notify the Court if it seeks to be appointed to represent Royal and to submit a brief in support of the Motion. On November 14, 2024, the OFD notified the Court that declines to seek to represent Royal or to submit a brief. ECF No. 220.

## DISCUSSION

In the Fourth Motion, Royal again seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision. Although he asserts that the Fourth Motion seeks reconsideration of the Court's ruling on the Third Motion, it largely asserts different grounds for a sentence reduction than were asserted in the Third Motion.

**I.    Legal Standard**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons to seek a modification of a prisoner's sentence. See id. § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow

prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>       (i)   extraordinary and compelling reasons warrant such a reduction;
>
>             *   *   *
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

## II.   Extraordinary and Compelling Reasons

In the Fourth Motion, Royal seeks a sentence reduction based on his claim that there is "newly discovered information not presented or known to this Court" at the time of his trial, sentencing, and resentencing. The information described and submitted through attachments, however, primarily consists of details about his difficult upbringing and evidence of post-offense rehabilitation. He also asserts that he never received a November 6, 2018 unpublished opinion in his case that was issued by the United States Court of Appeals for the Fourth Circuit and generally references "findings in criminology" that "criminal behavior tends to decrease with age." Fourth Mot. at 3, ECF No. 218.

Upon review of the submitted materials, the Court finds that these considerations do not constitute "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As to the allegedly new information regarding Royal's difficult childhood, the sentencing court was already aware of such difficulties in general terms, as the Presentence Investigation Report ("PSR") recounted Royal's statements that he was raised by a single mother, and that when his father was present he was "abusive" and went "overboard with discipline." PSR ¶ 108. Moreover, as noted in the unpublished opinion referenced by Royal, at his resentencing, Royal submitted additional evidence "of his childhood trauma of an abusive home life." See United States v. Royal, 741 F. App'x 165, 166 (4th Cir. 2018) (affirming the revised sentence and rejecting the argument that the district court failed to consider sufficiently this evidence). Although Royal now asserts what he contends to be additional facts, all of this information was available to him when he was interviewed for the PSR, and prior to his resentencing, and thus cannot be fairly characterized as newly discovered information. In any event, upon review of these facts, which include more specific details of domestic abuse by his father, early drug use, and possible sexual abuse, the Court finds that they do not establish extraordinary and compelling reasons warranting a sentence reduction.

As for the post-offense rehabilitation, as stated in resolving the Third Motion, such rehabilitation "is not, by itself, an extraordinary and compelling reason" under U.S.S.G. § 1B1.13(d), even though it may be considered alongside other factors. Even if not limited by this provision, the Court again finds that Royal's post-offense rehabilitation, while admirable, is not so remarkable as to constitute extraordinary and compelling reasons. Finally, the Court finds that Royal's claim that he did not receive a copy of the November 6, 2018 opinion, which affirmed his revised sentence of 360 months, and his assertion that recidivism generally decreases with age, do

4

not constitute extraordinary and compelling reasons. Whether considered individually or collectively, Royal's identified considerations do not establish extraordinary and compelling reasons within the meaning of 18 U.S.C. § 3582(c)(1)(A).

### III.    18 U.S.C. § 3553(a)

Even if such a finding were made, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). In denying the First, Second, and Third Motions, the Court found that the nature and circumstances of the offenses of conviction involved a very serious sex trafficking conspiracy in which Royal provided three underage girls with controlled substances, caused them to engage in sex acts with adult male customers for the financial benefit of Royal, and raped and threatened to kill at least one of the victims, and that based on a full consideration of the § 3553(a) factors, including Royal's admirable post-offense rehabilitation, a sentence reduction would be inconsistent with those factors. As stated in ruling on the Third Motion, although Royal's post-offense rehabilitation has continued to be a positive factor, it is not so extraordinary as to cause the Court to deviate from its view that the revised sentence was necessary to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. *Id.* § 3553(a). The Court therefore again concludes that even if Royal had established "extraordinary and compelling reasons," a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is not warranted as inconsistent with the § 3553(a) factors. The Fourth Motion will be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Royal's Fourth Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 218, is DENIED.

Date: December 5, 2024

THEODORE D. CHUANG
United States District Judge